**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GLITCH PRODUCTIONS PTY LTD,

        Plaintiff,

   v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

Case No. 26-cv-05010

**Judge Virginia M. Kendall**

**Magistrate Judge Beth W. Jantz**

## <u>DECLARATION OF MARTIN F. TRAINOR</u>

I, Martin F. Trainor, of the City of Chicago, in the State of Illinois, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am an attorney for Plaintiff Glitch Productions Pty Ltd ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as witness, I could and would competently testify as follows:

2. Offshore e-commerce store operators offering for sale products using infringing or counterfeit trademarks and/or copies of copyrighted works typically: (1) provide false, misleading, and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my experience in trademark counterfeiting and copyright infringement investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate.

1

E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Specifically, thousands of defendants in cases I have been involved in have confirmed receipt of actual notice via e-mail.

3. An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a verifiable physical address on the e-commerce store. On information and belief, the Defendants are residents of foreign countries which are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention"). In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms like Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Fruugo, Temu, Walmart, and Wish when registering their account. However, the verification of an e-mail address is likely more reliable than a physical address.

4. Because e-commerce store operators can currently input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not as reliable as an e-mail address for providing notice to Defendants.

5. I have reviewed the Hague Convention. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2026, in Chicago, Illinois.

/s/ *Martin F. Trainor*
Martin F. Trainor